# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

LATASHA VALERIA MCALPINE,
      Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,
      Agency.

DOCKET NUMBERS
AT-1221-16-0301-W-1
AT-1221-18-0594-W-1

DATE: February 21, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Latasha Valeria McAlpine</u>, Smyrna, Georgia, pro se.

<u>Megan Cleary DePonte</u>, Esquire, and <u>Owen Keegan</u>, Esquire, Atlanta,
   Georgia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1      The appellant has filed petitions for review of the initial decisions dismissing her individual right of action (IRA) appeals for lack of jurisdiction. For the reasons discussed below, we JOIN the appeals, GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions, VACATE IN PART and AFFIRM IN PART the initial decisions, FIND jurisdiction over both IRA appeals, and REMAND the appeals to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    In October 2014, the appellant was hired as a GS-11 Attorney-Advisor, which was a decision-writing position in the bargaining unit. *McAlpine v. Social Security Administration*, MSPB Docket No. AT-1221-16-0301-W-1 (0301 matter), Initial Appeal File (0301 IAF), Tab 6 at 12. Notwithstanding her position description classification, she asserted that she performed only Labor Management Employee Relations (LMER) duties. *Id.* at 8. Starting in April 2015, she argued to the agency's Center for Human Resources (CHR) that there were irregularities in her position description classification and that she should have been paid at a higher grade for the LMER work that she was performing. *Id.* at 15. The appellant later was advised by senior agency officials that she could not remain in her position and would have to reapply for her position, which was reclassified as a higher-graded Human Resources Specialist position. *Id.* at 16. The appellant applied for a Human Resources Specialist position, she was not selected, and she was reassigned to the decision-writing unit. *Id.*

¶3    The appellant filed a complaint in 2015 with the Office of Special Counsel (OSC), alleging that she was not selected for the Human Resources Specialist position and was reassigned in retaliation for raising the above-mentioned issues with CHR. *Id.* at 5-19. After OSC closed its investigation, she timely filed a Board IRA appeal in 2016. 0301 IAF, Tab 1, Tab 6 at 21-23. In an initial decision, the administrative judge dismissed the appeal for lack of jurisdiction. 0301 IAF, Tab 13, Initial Decision (0301 ID). The administrative judge noted that the appellant, in her Board appeal, asserted that she disclosed a violation of law, rule, or regulation, and identified numerous statutes, regulations, and

policies; by contrast, in her OSC complaint, she did not allege a violation of law, rule, or regulation in general nor did she identify any statutes, regulations, and/or policies. 0301 ID at 5-6. The administrative judge determined that the allegations in her Board appeal constituted an improper recharacterization of the allegations in her OSC complaint, and he did not consider them. *Id.* (citing *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993)). He further found that she did not make a nonfrivolous allegation of a protected disclosure involving gross mismanagement, an abuse of authority, or a gross waste of funds. 0301 ID at 6-9.

¶4 The appellant has filed a petition for review in the 0301 matter, the agency has filed a response, and the appellant has filed a reply brief. *McAlpine v. Social Security Administration*, MSPB Docket No. AT-1221-16-0301-W-1, Petition for Review (0301 PFR) File, Tabs 1, 3-4. On petition for review, the appellant claims that the administrative judge erroneously required her to correctly label the category of protected disclosure under 5 U.S.C. § 2302(b)(8). 0301 PFR File, Tab 1 at 4-7. She further argues that she made nonfrivolous allegations of a violation of law, rule, or regulation, gross mismanagement, abuse of authority, and a gross waste of funds. *Id.* at 7-15. Finally, she includes with her petition "new and material evidence." *Id.* at 16-21, 23-51.[2]

¶5 During the pendency of her petition for review in the 0301 matter, the appellant filed another complaint with OSC in 2018 claiming that in reprisal for the same whistleblowing disclosures included in the 0301 matter, her 2015 OSC complaint, and 2016 IRA appeal, the agency failed to issue her a monetary award in October 2017 and did not select her for a position in February 2018. *McAlpine v. Social Security Administration*, AT-1221-18-0594-W-1 (0594 matter), Initial Appeal File (0594 IAF), Tab 6 at 14-23. Following OSC's closure of the

---

[2] Because we find that the appellant made a nonfrivolous allegation of jurisdiction without considering this evidence, we need not discuss it in this Order. The administrative judge should consider this evidence on remand.

appellant's complaint with no further action, she timely filed a second IRA appeal with the Board, i.e., the 0594 matter. 0594 IAF, Tab 1, Tab 6 at 25-26.

¶6 In the 0594 matter, the administrative judge apprised the parties of the appellant's jurisdictional burden, and they both responded on the issue. 0594 IAF, Tabs 3, 6, 8-9. He then issued an initial decision dismissing the appellant's second IRA appeal for lack of jurisdiction. 0594 IAF, Tab 10, Initial Decision (0594 ID) at 1-9. Specifically, the administrative judge found that the appellant was precluded from relitigating whether her disclosures to CHR from the 0301 matter were whistleblowing disclosures on adjudicatory efficiency grounds, as he had already determined that they were not and the appellant's petition for review of that decision was pending with the Board. 0594 ID at 5-6. The administrative judge determined that the appellant nonfrivolously alleged that she engaged in protected activity by filing her 2015 OSC complaint and 2016 IRA appeal with the Board in the 0301 matter, but he concluded that she failed to nonfrivolously allege that either of these activities was a contributing factor in the agency's decisions to take or fail to take the personnel actions at issue. 0594 ID at 6-9.

¶7 The appellant has filed a petition for review of the initial decision in the 0594 matter, to which the agency has responded in opposition. *McAlpine v. Social Security Administration*, AT-1221-18-0594-W-1, Petition for Review (0594 PFR) File, Tabs 1, 3. In her petition for review, the appellant asserts, among other things, that the decisionmakers had knowledge of her protected activity. 0594 PFR File, Tab 1 at 4-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

We join the 0301 and 0594 appeals.

¶8 The regulation at 5 C.F.R. § 1201.36(b) states that it is appropriate to sua sponte join two appeals if doing so would expedite processing of the cases and not adversely affect the interest of the parties. For the reasons described herein,

the appellant has nonfrivolously alleged an ongoing pattern of retaliation across her two appeals, and we find that joinder is appropriate.

Legal standard at the jurisdictional stage in an IRA appeal

¶9 The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations of the following:  (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Bishop v. Department of Agriculture*, 2022 MSPB 28, ¶ 13; *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014).  A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  *Bishop*, 2022 MSPB 28, ¶ 13; *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 6 (2016); 5 C.F.R. § 1201.4(s).

We grant the appellant's petition for review in the 0301 matter and find that she established Board jurisdiction.

¶10 As relevant here, an appellant in an IRA appeal makes a disclosure when she communicates information that she reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, an abuse of authority, and/or a gross waste of funds.  5 U.S.C. § 2302(a)(2)(D).  The administrative judge correctly noted that the appellant did not state in her OSC complaint that her disclosure evidenced a violation of law, rule, or regulation. 0301 ID at 6.  However, the Board has held that the key to determining whether an appellant has satisfied the exhaustion requirement in an IRA appeal is whether she provided OSC with a sufficient basis to pursue an investigation, not whether she correctly labeled the category of wrongdoing; OSC can be expected to know which category of wrongdoing might be implicated by a particular set of factual allegations.  *Thomas v. Department of the Treasury*, 77 M.S.P.R. 224, 236-37

(1998), *overruled on other grounds by Ganski v. Department of the Interior*, 86 M.S.P.R. 32, 37 (2000).

¶11    Contrary to the administrative judge's conclusion, we find that the appellant provided OSC with a sufficient basis to investigate a prohibited personnel practice under 5 U.S.C. § 2302(b)(8).  Some allegations of wrongdoing, such as theft of Government property or fraudulent claims for pay, so obviously implicate a violation of law, rule, or regulation, that an appellant need not identify what law, rule, or regulation was violated.  *DiGiorgio v. Department of the Navy*, 84 M.S.P.R. 6, ¶ 14 (1999).  The gravamen of the appellant's OSC complaint was that senior agency officials engaged in fraud when she (and four other employees) were hired as decision-writing attorneys but were in fact utilized as LMER attorneys and were paid at a lower pay grade for the work that they were performing.  0301 IAF, Tab 6 at 5-19.  We conclude that, based on the nature of these allegations, she nonfrivolously alleged a violation of law, rule, or regulation.  *See e.g.*, *DiGiorgio*, 84 M.S.P.R. 6, ¶¶ 13-15 (finding a nonfrivolous allegation of a violation of law, rule, or regulation based on a claim that employees fraudulently claimed entitlement and received payment for overtime hours they did not work)..

¶12    An abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or to preferred other persons.  *Wheeler v. Department of Veterans Affairs*, 88 M.S.P.R. 236, 241, ¶ 13 (2001).  We further find that the appellant's allegation of wrongdoing by senior agency officials and the harm that she (and the other four employees) suffered constitutes a nonfrivolous allegation that she disclosed an abuse of authority.  *See Berkowitz v. Department of the Treasury*, 94 M.S.P.R. 658, ¶ 11 (2003) (holding that an allegation that the agency manipulated the creation and promotion process of a GS-14 Drug Enforcement Coordinator position, so that only certain employees were eligible for selection, constituted a

nonfrivolous allegation of an abuse of authority). We have considered the appellant's assertion on review that she made a nonfrivolous allegation involving gross mismanagement and/or a gross waste of funds, 0301 PFR File, Tab 1 at 10-11, 13-15, but for the reasons described in the initial decision, 0301 ID at 6-8, a different outcome is not warranted.

¶13        Finally, we conclude that the appellant nonfrivolously alleged that her disclosure was a contributing factor in the agency's decision not to select her for the Human Resources Specialist position and to reassign her to the decision-writing unit.[3] One way of proving contributing factor is to show that the official(s) taking the personnel action(s) knew of the disclosure or protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action. 5 U.S.C. § 1221(e)(1). In her OSC complaint, the appellant stated that she made her disclosure to CHR as early as April 2015, the agency officials responsible for the personnel actions were aware of the disclosure, and the nonselection and reassignment occurred approximately 6 months after the disclosure. 0301 IAF, Tab 6 at 7, 15-17. The Board has held that 6 months is well within the range of time between a disclosure and a personnel action from which an inference of causation arises. *Wadhwa v. Department of Veterans Affairs*, 110 M.S.P.R. 615, ¶ 13, *aff'd*, 353 F. App'x 435 (Fed. Cir. 2009). Accordingly, the appellant has satisfied her burden at the jurisdictional stage.[4]

---

[3] The reassignment and nonselection both appear to qualify for coverage under the whistleblower protection statutes. 5 U.S.C. § 2302(a)(2)(A)(i), (iv); *see Ruggieri v. Merit Systems Protection Board*, 454 F.3d 1323, 1326-27 (Fed. Cir. 2006) (concluding that the whistleblower protection statutes cover an agency's failure to make an appointment).

[4] The 2015 OSC complaint and the 2016 IRA appeal occurred after the 2015 reassignment and nonselection and, therefore, could not have been contributing factors in those personnel actions. *Davis v. Department of Defense*, 106 M.S.P.R. 560, ¶ 12 (2007), *aff'd*, 278 F. App'x 1009 (Fed. Cir. 2008).

<u>We grant the appellant's petition for review in the 0594 matter and find that she established Board jurisdiction.</u>

¶14     As laid out in detail in our findings regarding the 0301 matter, the appellant nonfrivolously alleged making protected disclosures to CHR of a violation of law, rule, or regulation, and an abuse of authority. *Supra* ¶¶ 11-12. As a result, we vacate the administrative judge's finding in the 0594 matter that the appellant was precluded from litigating whether her disclosures were protected by 5 U.S.C. § 2302(b)(8) on adjudicatory efficiency grounds.

¶15     The administrative judge correctly held in the 0594 matter that the appellant nonfrivolously alleged that she engaged in protected activity under 5 U.S.C. § 2302(b)(9). It is a prohibited personnel practice to take or fail to take a personnel action against an employee because she exercised any appeal, complaint, or grievance right granted by any law, rule, or regulation with regard to remedying a violation set forth in 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 2302(b)(9)(A)(i); *Linder*, 122 M.S.P.R. 14, ¶ 10. We agree with the administrative judge that the appellant nonfrivolously alleged that she engaged in such protected activity when she filed her 2015 OSC complaint and 2016 IRA appeal in the 0301 matter. 0594 ID at 6-7. Both filings were attempts by the appellant to remedy alleged reprisal for whistleblowing disclosures in violation of 5 U.S.C. § 2302(b)(8). Neither party raises an issue with this finding on review.[5]

¶16     To meet her jurisdictional burden, the appellant must also nonfrivolously allege that her whistleblowing disclosures and/or protected activity were a contributing factor in the agency's decision not to issue her a monetary award in

---

[5] The grievance that the appellant mentioned in this appeal involved an attempt to receive back pay for prior work that she performed. 0594 IAF, Tab 1 at 5; 0594 ID at 7 n.3. We agree with the administrative judge that the substance of the grievance did not concern remedying a violation of 5 U.S.C. § 2302(b)(8), and any claim of whistleblower reprisal for filing such a grievance is outside of the Board's jurisdiction in the context of an IRA appeal. 0594 ID at 8 n.5; *see Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). Neither party challenges the administrative judge's conclusion on this issue, and we affirm it herein.

October 2017 and the February 2018 nonselection. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 12 (2016). To do so, the appellant need only demonstrate that the fact of, or the content of, the whistleblowing disclosure or protected activity was one of the factors that tended to affect the personnel actions in any way. *Carey v. Department of Veterans Affairs*, 93 M.S.P.R. 676, ¶ 10 (2003). One way for an appellant to establish contributing factor is the knowledge/timing test. *Supra* ¶ 13. As an alternative to the knowledge/timing test, the Board may consider other relevant evidence, including but not limited to, the strength or weakness of the agency's reasons for taking the personnel action(s), whether the whistleblowing disclosure and/or protected activity was directed at the responsible agency officials, and whether the responsible agency officials had a desire or motive to retaliate against the appellant. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 65; *Powers v. Department of the Navy*, 69 M.S.P.R. 150, 156 (1995). Nonfrivolous allegations suffice at the jurisdictional stage because the appellant "may not have access to all relevant documents or have been provided an opportunity to conduct discovery."[6] *Piccolo v. Merit Systems Protection Board*, 869 F.3d 1369, 1371 (Fed. Cir. 2017).

¶17        In contrast to the administrative judge, we find that the appellant made a nonfrivolous allegation of contributing factor. As a preliminary matter, the appellant identified D.A. and/or A.B. as the decisionmakers behind the 2017 denial of the monetary award and the 2018 nonselection. *See* 0594 IAF, Tab 1

---

[6] This principle is especially applicable here because the administrative judge granted the agency's motion to extend the deadline for responding to the acknowledgment order and the issuance of discovery requests until after the Board ruled on the jurisdictional issue. 0594 IAF, Tab 5, Tab 7 at 1. Importantly, the agency's motion did not state whether the appellant had any objection to this requested relief. 0594 IAF, Tab 5; *see* 5 C.F.R. § 1201.55(a) ("A party filing a motion for extension of time, a motion for postponement of a hearing, or any other procedural motion must first contact the other party to determine whether there is any objection to the motion, and must state in the motion whether the other party has an objection."). Moreover, the administrative judge ruled on the agency's motion sooner than 10 days from when it was served. 5 C.F.R. § 1201.55(b).

at 5 (stating that the "selecting officials" included A.B. and D.A and that they "handled the selection process"), 11 ("[D.A.] is over the monetary awards."). We also find that the appellant nonfrivolously alleged that D.A. and A.B. had knowledge of her 2015 OSC complaint and February 2016 IRA appeal:

> [M]anagement responded to claimant's filings by asserting that [the a]ppellant and her coworkers were reassigned to [the] Atlanta Writing Unit after their detail ended. This response was made by management, [A.B.] and [D.A.], to [the a]ppellant's prior grievance and in the [a]gency's prior filings with the Board. . . . It is impossible for the former Regional Attorney [A.B.], who receives notifications of all [Merit Systems Protection Board (MSPB)] and [equal employment opportunity (EEO)] employee filings simply because of the role of the job and the highest ranking management official in Region 4, [D.A.], who also receives notification of all such employee filings in the Region because of her job duties to not be aware of the previous OSC, MSPB[,] and grievances filed against them.

0594 IAF, Tab 9 at 4. We further find that, because the appellant alleged that the 2017 denial of a monetary award occurred approximately 20 months after she filed her February 2016 IRA appeal, she has nonfrivolously alleged under the knowledge/timing test that her February 2016 IRA appeal was a contributing factor in the 2017 denial of a monetary award. *See, e.g.*, *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 87 (2001) (finding that an appellant's disclosures were a contributing factor in her removal when they were made approximately 21 months and then slightly over a year before the agency removed her).

¶18    However, the delay between the 2015 CHR disclosures and 2015 OSC complaint and the 2017 denial of a monetary award and 2018 nonselection, as well as the delay between the February 2016 IRA appeal and 2018 nonselection, are too remote in time to satisfy the timing prong of the knowledge/timing test. *See Costello v. Merit Systems Protection Board*, 182 F.3d 1372, 1377 (Fed. Cir. 1999) (finding that a 2-year gap between the whistleblowing disclosures and the allegedly retaliatory action was too long an interval to justify an inference of

cause and effect between the two); *Salinas v. Department of the Army*, 94 M.S.P.R. 54, ¶ 10 (2003) (holding that a gap of 2-3 years that passed between the whistleblowing disclosure and personnel actions at issue was too long to satisfy the knowledge/timing test).

¶19 Nevertheless, if we consider the alternative approach, discussed above, *supra* ¶ 16, we find that the appellant has made a nonfrivolous allegation of Board jurisdiction regarding the 2015 whistleblowing disclosures, the 2015 and 2016 protected activity, and the 2017 denial of a monetary award and 2018 nonselection. Regarding the strength or weakness of the agency's reasons for denying a monetary award in 2017 and not selecting her in 2018, the appellant pointed out inconsistencies in personnel decisions when D.A. and/or A.B. were involved. For example, the appellant alleged that she was interviewed for the GS-13 LMER attorney position in 2016, but she was not even interviewed in 2017, although she was referred for consideration both times. 0594 IAF, Tab 1 at 11. She further alleged that she received a monetary award in 2016, but not in 2017, even though her "average[]" was higher in 2017. *Id.* Moreover, the appellant alleged that the only people in her unit who did not receive monetary awards in 2017 were herself and the other employees who lodged similar complaints. *Id.* These inconsistencies, coupled with the appellant's apparent assertion that the selectees had inadequate qualifications, *id.*, call into question whether the agency had a legitimate basis for denying her a monetary award in 2017 and failing to select her in 2018.

¶20 We have also considered whether the whistleblowing disclosures and/or protected activity was directed at the responsible agency officials. The appellant stated on her initial appeal form that A.B. and D.A.—the decisionmakers in the 2017 denial of a monetary award and/or the 2018 nonselection—hired her into the allegedly improperly classified position, they were therefore responsible for her purported underpayment in that position, and they made the retaliatory decision to reassign her after she complained regarding this impropriety. 0594 IAF, Tab 1

at 5, 11.  These allegations led directly to her 2015 CHR disclosures, her 2015 OSC complaint, and the 2016 IRA appeal.

¶21    Finally, we have considered whether the responsible agency officials were motivated to retaliate against the appellant.  The appellant appears to allege that D.A.'s and A.B.'s authority and/or duties were reduced because of her complaints, which could create a motive to retaliate.  0594 IAF, Tab 1 at 5, Tab 6 at 6; *see Redschlag*, 89 M.S.P.R. 589, ¶ 88 (finding a substantial motive to retaliate where the officials involved in the personnel action were disciplined for their roles in the misconduct reported by the appellant).  For these reasons, we find that the appellant has satisfied her burden in this matter at the jurisdictional stage.

Having found that the Board has jurisdiction over the 0301 and 0594 matters, we remand these appeals for further adjudication.

¶22    Our conclusion that the appellant has satisfied her jurisdictional burden and is entitled to a hearing in the 0301 and 0594 matters is consistent with the longstanding principle that whistleblower protection laws are remedial in nature, intended to improve protections for Federal employees, and should be construed broadly to effectuate that purpose.  *Hudson v. Department of Veterans Affairs*, 104 M.S.P.R. 283, ¶ 6 (2006); *Keefer v. Department of Agriculture*, 82 M.S.P.R. 687, ¶ 13 (1999); *King v. Department of Health and Human Services*, 71 M.S.P.R. 22, 32 (1996).  We recognize that the agency has disputed some of the appellant's assertions, 0301 IAF, Tab 11; 0594 IAF, Tab 8, but it is not appropriate to consider the agency's evidence at the jurisdictional stage, *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).  Accordingly, we find that the appellant has made nonfrivolous allegations that the 2015 nonselection and reassignment, the 2017 denial of a monetary award, and the 2018 nonselection were taken (or not taken) because of her whistleblowing disclosures and/or protected activity, as described herein.  We remand these appeals to give the parties an opportunity to conduct discovery and, if appropriate, have a hearing on the merits.

**ORDER**

¶23     For the reasons discussed above, we join and remand these matters to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                              /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.